# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MIGUEL CARRILLO,

    *Petitioner*,

vs.

ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.,*

    *Respondents*.

2:12-cv-00226-KJD-NJK

ORDER

This represented habeas matter comes before the Court for review.

## *Background*

While this matter was docketed as an immigration habeas matter, the petition instead seeks to challenge petitioner's September 21, 2001, Nevada state conviction, pursuant to a guilty plea, of possession of a controlled substance with intent to sell. Only state official defendants are named. The petition accordingly arises under 28 U.S.C. § 2254, which the petition expressly invokes.[1]

On March 30, 2012, the Court ordered the represented petitioner to show cause why the petition should not be dismissed as time-barred under the one-year federal limitation

---

[1] It appears that petitioner was in custody for purposes of federal jurisdiction at the time that this action was filed because the sentence had not yet expired. Petitioner was sentenced in 2001 to only 12 to 32 months with the sentence suspended and with petitioner being placed on probation for an indeterminate period not to exceed five years. The online docket record of the state district court reflects that the court did not regard petitioner as having discharged the probationary period -- due to his intervening deportation. Petitioner's probation was revoked on August 25, 2011, prior to the filing of the present action. Petitioner was not discharged from probation until February 20, 2014, after the filing of this action. It thus appears that petitioner was in custody for purposes of federal habeas jurisdiction when the action was filed.

period in 28 U.S.C. § 2244(d)(1). Absent tolling or delayed accrual, the federal limitation period expired under § 2244(d)(1)(A) on October 22, 2002, one year after the expiration of the time for filing a direct appeal from the judgment of conviction on Monday, October 22, 2001. The federal petition was not filed until February 13, 2012, over nine years after the federal limitation period had expired on its face absent tolling or delayed accrual.[2]

Petitioner contended in response that: (a) the limitation period instead did not begin to run until after the March 31, 2010, decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), because there allegedly was an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" for purposes of § 2244(d)(1)(B) prior to the issuance of *Padilla*; and (b) the limitation period thereafter was tolled under § 2244(d)(1) during the pendency of his state post-conviction petition from June 18, 2010, through February 6, 2012.

The Court directed a response from the state respondents. In addition to responding to petitioner's timeliness arguments, respondents raised a procedural default defense based upon the state petition having been rejected on, *inter alia*, the basis of laches.

On April 15, 2013, petitioner sought an extension of time to file a reply to the respondents' response. The Court ultimately granted an extension through June 15, 2013.

Petitioner thereafter did not file any further papers.

On March 3, 2014, the Clerk entered a notice that the action would be dismissed for want of prosecution if no action was taken within thirty days. No action was taken thereafter.

***Discussion***

The Court will dismiss the petition as untimely under the federal limitation period. The represented petitioner has been afforded a full opportunity to respond on the issue, and petitioner has not established that the petition was timely.

Petitioner's reliance on § 2244(d)(1)(B) to establish delayed accrual is wholly misplaced.

---

[2] The federal petition was filed by counsel and therefore was not subject to the prison mailbox rule.

First, a Supreme Court decision overturning prior precedent does not "remove an impediment" to the filing of a petition for purposes of § 2244(d)(1)(B). Congress established the rule specifically applicable to intervening Supreme Court decisions instead in § 2244(d)(1)(C). Under that provision, the limitation period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court has held that *Padilla* is not retroactively applicable on collateral review to convictions – like petitioner's – that became final before the March 31, 2010, decision in *Padilla*. *See Chaidez v. United States*, 133 S.Ct. 1103 (2013). Delayed accrual therefore clearly is not available under § 2244(d)(1)(C). *See also Dodd v. United States*, 545 U.S. 353 (2005)(discussing parallel provision under 28 U.S.C. § 2255(f)(3)). Congress has specifically delineated the circumstances in which an intervening Supreme Court decision will delay accrual of the federal limitation period. Petitioner cannot satisfy the requirements of that specific provision, and he may not successfully invoke other provisions that are not specifically directed to intervening decisions instead as a basis for delayed accrual premised upon an intervening decision. That is, clearly, § 2244(d)(1)(C) rather than § 2244(d)(1)(B) is the provision that determines whether *Padilla* can provide a basis for delayed accrual, and delayed accrual clearly is not available under § 2244(d)(1)(C).

Second, delayed accrual is available to a petitioner under § 2244(d)(1)(B) only if the alleged impediment "altogether prevented him from presenting his claims in *any* form, to *any* court." *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009)(emphasis in original). Even if the Court followed petitioner's strained logic and indulged an assumption that adverse legal precedent could constitute an "impediment"under § 2244(d)(1)(B), petitioner clearly was not altogether prevented from presenting his claim in any form in any court prior to *Padilla*. The petitioner in *Padilla* obviously was not prevented from raising the claim in his case prior to the decision in his case. Adverse *state* precedent clearly does not constitute an impediment to a petitioner exhausting a claim and then pursuing it in *federal* court. *Inter alia*, the federal courts are not bound by a state supreme court's holding on federal constitutional law, such

that adverse state precedent provides absolutely no basis – under § 2244(d)(1)(B) or otherwise – for not pursuing a federal constitutional challenge to a state conviction on through to federal court. Nothing in Nevada state law prevented petitioner from timely filing a *federal* habeas petition.

The petition therefore will be dismissed with prejudice as time-barred, without reaching any other issue.[3] *Chaidez* in any event establishes that petitioner cannot prevail on the merits.

IT THEREFORE IS ORDERED that the petition shall be DISMISSED with prejudice as time-barred.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the petition as untimely to be either debatable or wrong, for the reasons discussed herein.

IT FURTHER IS ORDERED that the Clerk shall enter final judgment dismissing this action with prejudice.

DATED: September 19, 2014

_____
KENT J. DAWSON
United States District Judge

---

[3] The Court does not suggest by implication that statutory tolling under § 2244(d)(2) is available or that the claim also is not procedurally defaulted. The Court simply does not reach those points in the analysis because the federal limitation period expired on the record presented herein – following a show-cause order and response – on October 22, 2002. The represented petitioner presented no argument based upon equitable tolling in response to the show-cause order – on a claim that in any event does not appear to be viable on the merits after the February 20, 2013, *Chaidez* decision.